UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES P. EGAN,<br><br>　　Plaintiff,<br><br>v.<br><br>LIBERTY MUTUAL,<br><br>　　Defendant | Civil Action No. 05-30064 |

## ANSWER TO COMPLAINT

Defendant, Liberty Life Assurance Company of Boston[1] ("Liberty Life") hereby answers the allegations contained in Plaintiff's Complaint as follows:

## INTRODUCTION IN COMPLAINT

Liberty Life makes no response to Plaintiff's one paragraph Complaint, as it merely purports to summarize Plaintiff's legal causes of action. To the extent that this one paragraph Complaint requires a response, Liberty Life denies the allegations therein, except admits so much of this paragraph as alleges that Plaintiff James Egan applied for long-term disability benefits under a long term disability plan maintained by his employer. Liberty Life also admits that the plan is a welfare benefit plan covered by ERISA under which benefits are provided through a policy of insurance issued by Liberty Life.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

---

[1] Incorrectly identified in the Complaint as Liberty Mutual.

## SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiff has sustained any injury or damages, it is the result of the conduct by a party other than Liberty Life and over whom Liberty Life had no authority or control and for whom Liberty Life is not liable.

## THIRD AFFIRMATIVE DEFENSE

The denial of benefits at issue was reasonable, was not arbitrary and capricious, and should be upheld by this Court based upon the administrative record before the decision maker under the policy.

## FOURTH AFFIRMATIVE DEFENSE

Based on the circumstances and administrative record in this case, Liberty Life requests that the Court order Plaintiff to pay its attorneys' fees and costs under 29 U.S.C. § 1132(g).

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages on the claims he has alleged.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has no legal right to the compensatory relief sought in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the doctrines of waiver, estoppel, laches, and/or unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's right to relief is barred because at all relevant times Liberty Life acted in good faith and with the diligence, care and skill which a reasonably prudent person would exercise under similar circumstances and Liberty Life did not induce, commit or otherwise participate in any allegedly wrongful act or omission.

### NINTH AFFIRMATIVE DEFENSE

One or more of Plaintiff's claims are pre-empted by the Employee Retirement and Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 et seq.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to a trial by jury on the claims asserted in her Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's contract claim is barred for a lack of consideration.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to provide a sufficiently definite statement of a cause of action.

### THIRTEENTH AFFIRMATIVE DEFENSE

Liberty Life reserves its right to add such additional affirmative defenses as become evident as the case progresses.

WHEREFORE, Liberty Life prays that:

1. The Complaint be dismissed in its entirety;

2. Judgment be awarded in favor of Liberty Life;

3. The Court award Liberty Life its attorneys' fees and costs; and

4. The Court award such other and further relief as may deem just and proper.

                Respectfully submitted,

                LIBERTY LIFE ASSURANCE COMPANY OF BOSTON
                By their attorneys,

                /s/ Richard W. Paterniti
                Andrew C. Pickett, BBO# 549872
                Richard W. Paterniti, BBO#645170
                Jackson Lewis LLP
                75 Park Plaza
                Boston, MA 02116
March 11, 2005         (617) 367-0025