Commonwealth of Massachusetts
HAMPDEN SUPERIOR COURT
Case Summary
Civil Docket



## HDCV2005-00148
### Egan v Liberty Mutual

| File Date | 02/10/2005 | Status | Disposed: transferred to other court (dtrans) | | |
|---|---|---|---|---|---|
| Status Date | 03/11/2005 | Session | A - Civil A - CtRm 6 | | |
| Origin | 1 | Case Type | E99 - Miscellaneous | | |
| Lead Case | | Track | X | | |
| Service | 05/11/2005 | Answer | 07/10/2005 | Rule12/19/20 | |
| Rule 15 | | Discovery | | Rule 56 | |
| Final PTC | 08/09/2005 | Disposition | 09/08/2005 | Jury Trial | Yes |

**Plaintiff**
James P Egan
90 McKinstry Avenue, Apt. 207
Chicopee, MA 01013
Phone: 413-218-1433
Active 02/10/2005 Notify

**Defendant**
Liberty Mutual
Service pending 02/10/2005

**Private Counsel 645170**
Richard W Paterniti
Jackson Lewis LLP
75 Park Plaza
Boston, MA 02116
Phone: 617-367-0025
Fax: 617-367-2155
Active 03/11/2005 Notify

| Date | Paper | Text |
|---|---|---|
| 02/10/2005 | 1.0 | Affidavit of Indigency filed with Supplemental affidavit |
| 02/10/2005 | | Origin 1, Type E99, Track X. |
| 02/10/2005 | 2.0 | Clerk Determination regarding normal fees and costs ALLOWED Forthwith. Waived in full as to filing fees, surcharges and cost of service of process only, pursuant to M G L c 261, s. 27C(2). (Kevin J. Claffey, Asst. Clerk) In hand 2/11/05 |
| 02/10/2005 | 3.0 | Complaint & civil action cover sheet filed |
| 03/11/2005 | 4.0 | Case REMOVED this date to US District Court of Massachusetts |



A TRUE COPY
OF THE DOCKET MINUTES
IN WITNESS WHEREOF, I hereunto
set my hand, and have caused the seal
of the Superior Court for the County
of Hampden to be affixed on this
14th day of March, 2005

_____
Deputy Assistant Clerk

James P Egan
90 McKinstry Ave APT 207
Chicopee MA 13013    413 218 1433
Plaintiff in Pro Per

James P Egan

HAMPDEN COUNTY
SUPERIOR COURT
**FILED**
FEB 10 2005
Marie␣Maggi
CLERK-MAGISTRATE

THE Superior COURT OF Hamden COUNTY
STATE OF Massachusetts

② 

Nolo Pedestrian,

James P Egan    Plaintiff,
v.
Liberty Mutual
100 Liberty Way
Dover NH 03820-5807    Defendant.

Section 502(a)(1)(B) ERISA

Case No. 05-148

COMPLAINT

Re Claim # 766822

③ 1. Lawsuit vs Liberty Mutual due to Breach of Contract on James P Egan Disability Claim # 766822. As of March 19 2004 Liberty Mutual wrongfully discontinued paying $3300.00 per month on my Legitimate Disability. Disability due to multiple conditions was wrongfully Terminated. Seeking Benefits Retroactive to ④ 3,19-04 to the present currently totaling $39,600.00 In Addition seeking Punitive damages due to Mental Anguish + Physical setback. The claim Closure exacerbated the condition. ⑤ Causing Additional Mental + physical problems compiled on current condition.

Nolo Pedestrian, Plaintiff in Pro Per

No. of Pgs. ___1___
Fee Paid - $ _____ Cash - Check
Surcharge Paid - $ _____ Cash - Check
Security Fee - Paid - $ _____ Cash - Check
Received by _____

A true copy.
Attest:
_____
Deputy Assistant Clerk

| CIVIL ACTION COVER SHEET | 05- 148 | al Court of Massachusetts Superior Court Department County: _____ |
|---|---|---|

**PLAINTIFF(S)** James P Egan

**DEFENDANT(S)** Liberty Mutual Group Disab Ins
100 Liberty Way Dover N H
03820 - 5808

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE**
Attorney Pro Se for James P Egan

**ATTORNEY (if known)**

Board of Bar Overseers number: 413 218 1433

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P.60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

HAMPDEN COUNTY SUPERIOR COURT FILED FEB 10 2005

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO. E 9a
TYPE OF ACTION (specify): _____
TRACK ( )
IS THIS A JURY CASE? (X) Yes ( ) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ........................................... $
2. Total Doctor expenses $1500.00 out of Pocket to Dr J Goodman ... $ 1500.00
3. Total chiropractic expenses ..................................... $
4. Total physical therapy expenses ................................ $
5. Total other expenses (describe) House Sale Forced 237,000 to 187,000 / IRA plan exhausted ... $ 50,000
   Subtotal $ 51,500.00
B. Documented lost wages and compensation to date ... 39,600.00 current Benefits ... $ 39,600.00
C. Documented property damages to date ............................ $
D. Reasonably anticipated future medical and hospital expenses ... $
E. Reasonably anticipated lost wages Benefits to 24 months = 16,500.00 ... $ 16,500.00
F. Other documented items of damages (describe) Pain - Mental Anguish Physical Soreback 50,000 ... $ 56,100.00
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   → 50,000
   51,500.00
   TOTAL $ 157,600.00

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

A true copy.
Attest:
_____ Deputy Assistant Clerk

TOTAL $ ..........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____ DATE: 2-10-05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

# DETERMINATION REGARDING FEES AND COSTS

| | |
|---|---|
| Hampden Superior | James P. Egan vs. Liberty Mutual  05-148 |
| Court | Case Name and Number |

Name of Applicant ____James P. Egan____

Address ____90 McKinstry Avenue, Apt. 207____ ____Chicopee____ ____MA____ ____01013____
  (Street and number)      (City of Town)    (State and Zip)

## FORTHWITH DETERMINATION BY CLERK (Register, Recorder)

☑ **ALLOWED FORTHWITH.** The applicant's affidavit appears regular and complete on its face, indicates that the applicant is indigent, and requests waiver, substitution or payment by the Commonwealth of normal fees and costs only. Pursuant to G. L. c. 261, § 27C(2), the application is therefore ALLOWED forthwith without hearing, and the normal fees and costs indicated in the application are:

☑ waived in full   ☐ to be paid by the Commonwealth in the amount of $

*as to filing fees, surcharges and cost of service of process only*

☐ **REFERRED TO A JUDGE.** The applicant's affidavit does not satisfy all the conditions of § 27C(2), and is therefore referred to a judge pursuant to § 27C(3), because:

☐ The affidavit is not regular and complete on its face.

☐ The affidavit does not indicate that the applicant is indigent within the meaning of § 27A.

☐ The affidavit requests waiver, substitution or payment by the Commonwealth of **extra** fees and costs.

Comments:

Describe fees and costs waived: *See above*

Date 2/10/05    Clerk-Magistrate/ Assistant Clerk (register, recorder/assistant)

X _[signature]_, Asst Clerk

HAMPDEN COUNTY SUPERIOR COURT
**FILED**
FEB 10 2005
_[signature]_
CLERK-MAGISTRATE

## DETERMINATION BY JUDGE  ☐ after hearing  ☐ without hearing

A true copy.
Attest:
_[signature]_
Deputy Assistant Clerk

### NORMAL FEES AND COSTS

☐ The application is ALLOWED with respect to the normal fees and costs indicated in the application, and they are ordered:

☐ waived in full.   ☐ to be paid by the Commonwealth in the amount of $_____.

☐ waived in part. I find that is within the applicant's limited financial means to pay a reduced amount of $_____.

☐ to be avoided by the provision of _____ to the applicant, pursuant to § 27F, as an alternative which is available at lower or no cost, is substantially equivalent and does not materially impair the rights of any party.

☐ The application is DENIED with respect to the normal fees and costs indicated in the application, because I find that:

☐ The applicant is not indigent within the meaning of § 27A.

☐ Other:

Describe normal fees and costs waived:

## EXTRA FEES AND COSTS

☐ The application is ALLOWED with respect to the extra fees and costs indicated in the application, and they are ordered:

☐ waived in full. ☐ to be paid by the Commonwealth in the amount of $_____.

☐ waived in part. I find that it is within the applicant's limited financial means to pay a reduced amount of $_____.

☐ to be avoided by the provision of _____ to the applicant, pursuant to § 27F, as an alternative which is available at lower or no cost, is substantially equivalent and does not materially impair the rights of any party.

☐ The application is DENIED with respect to the extra fees and costs indicated in the application, because I find that:

☐ The applicant is not indigent within the meaning of § 27A.

☐ The document, service or object is not reasonably necessary to assure the applicant as effective a prosecution, defense or appeal as if the applicant were financially able to pay.

☐ Other:

Describe extra fees and costs waived:

Date                    Judge

                          X

The applicant may appeal denial of this application by filing a notice of appeal with the clerk (register, recorder) of this court within 7 days from notice of denial.